616 P.2d 78

Marion L. **HAMPTON**, a single man,
Plaintiff/Appellant,

v.

**ALLSTATE INSURANCE COMPANY**, a
corporation, Defendant/Appellee.

No. 2 CA–CIV 3494.

Court of Appeals of Arizona,
Division 2.

June 4, 1980.

Rehearing Denied July 15, 1980.

Review Denied Sept. 4, 1980.

Miller, Pitt & Feldman, P. C. by Nanette M. Warner and Robert A. Fortuno, Tucson, for plaintiff/appellant.

Slutes, Browning, Zlaket & Sakrison, P. C. by A. John Pelander, Tucson, for defendant/appellee.

OPINION

HOWARD, Judge.

This case involves the uninsured motorist provisions of a motor vehicle liability insurance policy, the issue being whether the coverage can be "stacked".

Allstate issued the policy to M. L. Hampton, the named insured. The declarations show that three passenger vehicles, a 1964 Chevrolet, a 1969 Plymouth, and a 1972 Dart were each covered by the uninsured motorist coverage provided by the policy. The declarations also state that the coverage and limit of liability under the uninsured motorist coverage is $15,000 each person and $30,000 each accident. For this coverage a premium of $8 was charged for the first vehicle and a premium of $7 each was charged for the other two.

Under the policy conditions is found the following provision entitled "Limits of Liability":

"The limit of liability stated in the declarations as applicable to 'each person' is the limit of Allstate's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declaration as applicable to 'each accident' is the total limit of Allstate's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

The policy defines the word "insured" under the uninsured motorist coverage as: ". . . (a) The named insured as stated in the policy, the spouse of any such named insured and relatives of either, while residents of the same household;

(b) Any other person while occupying an insured automobile, . . ."

After the policy was issued Marion L. Hampton, Jr., the son of the named insured and a resident of the same household, was a passenger in a car involved in a one–car accident. The driver and car were uninsured. Mr. Hampton sustained bodily injuries exceeding $15,000. He brought this action for declaratory judgment contending that the uninsured motorist coverage provided him with a total of $45,000. Allstate contended that he could not "stack" the coverages and was entitled to only $15,000. Summary judgment was entered in favor of Allstate, the trial court declaring that $15,000 was the total amount available to appellant under the uninsured motorist coverage.

Appellant contends that the "limits of liability" clause contained in the policy is ambiguous, and, if it is held not to be, it violates the public policy of the state and should not be given effect.

The provision at issue has been held not to be ambiguous. *Allstate Insurance Company v. Mole*, 414 F.2d 204 (5th Cir. 1969); *Allstate Insurance Company v. Shmitka*, 12 Cal.App.3d 59, 90 Cal.Rptr. 399 (1970); *Otto v. Allstate Insurance Company*, 2 Ill.App.3d 58, 275 N.E.2d 766 (1971); *Allstate Compa-ny v. McHugh*, 124 N.J.Super. 105, 304 A.2d 777 (1973), aff'd 315 A.2d 423 (App.Div. 1974); *Polland v. Allstate Insurance Company*, 25 A.2d 16, 266 N.Y.S.2d 286 (1966); *Pacific Indemnity Company v. Thompson*, 56 Wash.2d 715, 355 P.2d 12 (1960).

In the foregoing cases the contention was made that the limits of liability clause was ambiguous when the policy also had a separability clause stating, "when two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each . . .". The courts held that the separability clause did not create an ambiguity when construed with the limits of liability clause and did not allow stacking. The policy issued by Allstate here specifically excludes the separability provision from the uninsured motorist coverage. In *Indiana Insurance Company v. Ivers*, 395 N.E. 820 (Ind.App.1979) the court was dealing with an uninsured motorist provision where the same attack as appellant makes was presented. It held that since the separability clause was expressly inapplicable to uninsured motorist coverage an ambiguity did not exist.

Other courts have held the limits of liability clause to be ambiguous. In *Hartford Accident and Indemnity Company v. Bridges*, 350 So.2d 1379 (1977), the court relied on *Employer's Liability Assurance Corporation Ltd. v. Jackson*, 289 Ala. 673, 270 So.2d 806 (1972) in declaring the provision ambiguous. The rationale of these cases is that when a separate premium is charged for each automobile there is an inference that there is double coverage since to hold otherwise would mean that the insured was paying two premiums for no good reason. They take the position that unless the limits of liability provision states that coverage in any event is limited to $15,000 or to the amount of coverage required by statute an ambiguity exists. We are unable to agree with these cases, and believe that they reflect a misconception as to the coverage afforded under the uninsured motorist provisions. There is no double coverage. As was stated in *Allstate v. McHugh*, supra:

"There is, however, increased risk incurred by the carrier when insuring separate motor vehicles under Coverage S [uninsured motorist coverage]. It is true that the named assured is covered under Coverage S regardless of the circumstances under which he is injured by an uninsured motorist. He has this coverage whether one, two or more vehicles are covered. Coverage S extends not only to the individual assured but also extends coverage to the vehicle under this situation.

Coverage S provides 'the company will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured vehicle \* \* \*'

Persons insured are defined as '(b) any person while occupying an insured highway vehicle.'

It is conceivable that Frank McHugh could be operating one vehicle with multiple passengers therein, his wife operating the second vehicle with multiple passengers therein. All the passengers in *both* vehicles are covered under Coverage S. This increased risk provides sufficient consideration and justification for charging a premium at the same rate for additional cars on the same policy." (Emphasis in original) 304 A.2d at 778.

See also *Indiana Insurance Company v. Ivers*, supra, and see also, *Castle v. United Pacific Insurance Group*, 252 Or. 44, 448 P.2d 357 (1968).

■ Relying on *Federal Insurance Company v. P. A. T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976) appellant contends that since various jurisdictions have reached different conclusions as to the meaning of limits of liability provision, it is ambiguous and coverage is therefore extended. We do not agree. In case of ambiguity or doubt respecting the coverage or terms of an insurance contract, it will be construed against the insurer and in favor of the insured. *Home Insurance Company v. Lomax*, 17 Ariz.App. 520, 498 P.2d 594 (1972). However, this principle becomes applicable only when after considering all the provisions of the policy, it is not possible for the court to ascertain the meaning of the language when applied to the facts before the court. *Maryland Casualty Company v. Clements*, 15 Ariz.App. 216, 487 P.2d 437 (1971). And see *Thompson v. Gov't Emp. Ins. Co.*, 12 Ariz.App. 18, 592 P.2d 1284 (1979). When all the provisions of the policy are considered, it clearly limits Allstate's liability for damages to any one person as a result of one accident under the uninsured motorist provisions to the sum of $15,000 and the fact that three vehicles are described and three premiums charged does not warrant construing policy to allow stacking.

■ Appellant's public policy argument is based upon the fact that he is paying three premiums for uninsured motorist coverage for no reason if he can recover only $15,000. We have already pointed out the fallacy of this argument. In *State Farm Mutual Automobile Insurance Company v. Williams*, 123 Ariz. 455, 600 P.2d 759 (App. 1979) the court was dealing with three separate policies issued by the same insurer involving uninsured motorist coverage and an "other insurance" clause. The same argument was made in *Williams* i. e., that the insurance company would be getting a windfall because of the several premiums. While *Williams* deals with three separate policies, for the sake of discussion here, we perceive no difference between three separate policies issued by the same insurer and the situation which we have here. In its discussion of the "windfall" argument the court in *Williams* stated:

"This has great populist appeal, but overlooks what risk was being insured against and what the insurance contract provided. Under these policies, each automobile was insured and it is theoretically possible that at one given moment, all three vehicles could be operating and in three individual accidents, be struck by three uninsured motorists. In such a case each operator would have $10,000 coverage under each policy. This was a risk insured against and this is what the premium was paid for. Under the terms of the policy, the risk insured and the premi-

um received was not to afford coverage of $30,000 for one accident." 123 Ariz. at 459.

Limiting the insured to the terms of the policy does not mean that Allstate has received a windfall.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.