JOHN E. PHILLIPS, Plaintiff-Appellant, *v.* INTER-INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB, Defendant-Appellee.

Fourth District    No. 16360

Opinion filed December 4, 1980.

Alan D. Bourey, of Carpel & Bourey, Ltd., of Decatur, for appellant.

Armstrong, Erickson & Davis, Ltd., of Decatur (Jonathan R. Erickson and Frederick P. Erickson, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The primary issue in this case concerns the determination of the limitation upon benefits payable to one insured under one or more automobile insurance policies issued by the same insurer covering two or more automobiles when (1) separate limitations are stated as to each automobile, and (2) the claim arises from an occurrence while the insured is riding in an automobile owned and driven by another. The precise question to be decided is whether under such a situation the limitation on benefits may be determined by adding together or "stacking" any or all of the limitations listed in respect to the various automobiles in order to arrive at a limitation greater than the highest limitation listed as to any automobile.

The instant suit was brought in the circuit court of Macon County on November 29, 1979, by plaintiff John E. Phillips against defendant Inter-Insurance Exchange of the Chicago Motor Club seeking to recover $10,000 in medical benefits under two policies of automobile insurance in which plaintiff was insured by defendant. Plaintiff also sought attorney's fees for defendant's allegedly vexatious and unreasonable refusal to pay the full $10,000 (Ill. Rev. Stat. 1979, ch. 73, par. 767). The trial court

granted defendant's motion for summary judgment awarding plaintiff a judgment of $4,000, the amount offered by defendant. Plaintiff's request for attorney's fees was denied. Plaintiff appeals. We affirm.

There was no dispute as to the evidence. Plaintiff has incurred medical expenses in excess of $37,000 as a result of severe injuries received in a collision occurring on April 11, 1979, while he was riding in an automobile owned and operated by another person. Plaintiff owned six automobiles which were insured by defendant under two policies each covering three automobiles. Plaintiff paid separate premiums for medical expenses coverage for each automobile and a separate limitation of benefits for coverage was listed for each automobile. The limits were either $2,000 or $1,000 with at least one limitation of $2,000 contained in each policy.

Prior to filing suit plaintiff had demanded $10,000 which was the total or "stacked" amount of the various limits of liability listed in the two policies for the six cars covered. Defendant offered to pay $4,000, the sum of the highest limitation for one automobile listed in each of the two policies.

Plaintiff asserts that *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247, is dispositive of this case. In *Glidden* an insured sued his insurance carrier for a declaratory judgment to determine the limits of coverage under three separate automobile insurance policies for each of which plaintiff paid a separate premium. Each policy offered uninsured motorist coverage and medical payment coverage. The court there allowed plaintiff to stack the benefits from each of the three policies. However, *Glidden* differs from the case at issue in two important respects.

In *Glidden*, the insurer sought to prevent the "stacking" on the basis of a provision in each of the policies whereby if the insured was injured while riding in an automobile owned by another and other insurance covered the occurrence, the provisions of the policy were to be only excess insurance and to apply only to the extent that the limits of the policy exceeded those of the other insurance. The court stated that where an insured purchases three distinct policies, each providing the specified coverage and the insured pays a separate premium for each, he does not contemplate that the "other insurance" clauses therein would reduce his recovery to what he would have obtained under one policy and therefore the clauses have no meaningful purpose when applied to coverage issued by one company to an insured. In the present case, plaintiff does not rely on the "other insurance" clauses contained in the policies.

The present case also differs from *Glidden* in that there the "stacking" was between separate insurance policies. Here defendant concedes that the limits of the two policies may be "stacked" but contests plaintiff's

theory that the various limits within each policy should be stacked to determine the limits of that policy.

Subsequent to *Glidden*, in *Menke v. County Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, the court held that the limits of uninsured motorist coverage of three separate policies with the same insurer would not be stacked to provide benefits for the death of a daughter of the insured resulting from a collision when she was riding in the car of another. The court conceded that stacking would be required in situations where the provisions in respect thereto were ambiguous, as such provisions are to be construed in favor of the insured. But the court held that if the policy unambiguously prohibited stacking, as did the policy there, it would not be done. The prohibiting clause there stated:

> " 'With respect to any occurrence, accident, death or loss to which this and any other automobile insurance policy issued to the Named Insured by the Company also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy.' " (78 Ill. 2d 420, 423, 401 N.E.2d 539, 541.)

In *Sharples v. General Casualty Co.* (1980), 85 Ill. App. 3d 899, 407 N.E.2d 674, similar language was also held to prohibit stacking even between policies issued by the same company.

Here, the following provisions contained in each of the policies bear upon whether the limitations listed for each automobile should be stacked to determine the policies' limitation upon paying medical expense benefits arising from an occurrence where the insured is riding in the automobile of another:

> "Insurance is granted with respect to each vehicle described herein as a separate risk, each with only the coverages, limits of liability and premiums specified herein for such particular vehicle.
>
> * * *
>
> PART II—Expenses for Medical Services—Coverage C, Limit of Liability. The limit of liability for medical payments stated in the Declarations as applicable to 'each person' is the limit of the Exchange's liability for all expenses incurred by or on behalf of each person who sustained bodily injury as a result of any one accident."

Language very similar to the foregoing provisions of Part II was held to be ambiguous in *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044. The court construed that ambiguity in favor of the insured and allowed the stacking of uninsured motorist benefits within a single policy of insurance. The court reasoned that because the exclusion of risks in the second vehicle was illegal and unenforceable under Illinois law, the additional premium paid by the insured had to

apply to some additional benefit because it could not have been intended to provide coverage for the second vehicle.

The present case involves medical benefits coverage which is not required by law. Plaintiff here was not paying premiums for something he was already receiving. Under his policy, if he was riding in an automobile owned by him but not specifically insured under the policy, and he was injured, he would not be eligible to receive benefits under the policy. The ambiguity arising from the foregoing language in the context of uninsured motorist coverage was not present here where the payments of the additional premium gave the insured additional coverage. Here, the clear statement of the two quoted provisions was that coverage of each vehicle was a separate risk and the limit of liability stated as to a person was the limit of liability of defendant to that person. Each policy unambiguously prohibited stacking of medical payment limits within the policy.

The trial court properly limited plaintiff's recovery to $4,000.

As defendant was not required to pay more than it offered, its failure to do so was clearly not vexatious or unreasonable.

Our affirmance is for the reasons stated.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.