Carmen T. DUFOUR and Paul E. Dufour, individually, and as parents and next friends of Lisa A. Dufour, a minor

v.

METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1981.

Decided Jan. 6, 1982.

Monaghan & Leahy, Joan M. Kidman (orally), Kevin G. Libby, Thomas F. Monaghan, Portland, for plaintiffs.

Hewes, Culley, Feehan & Beals, Martica F. Sawin (orally) and Peter W. Culley, Portland, for defendants.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

This appeal presents an issue, novel in our jurisdiction, as to whether an injured pedestrian, covered by an uninsured motorist provision and a medical expense provision of an automobile liability insurance policy, can recover damages of up to twice the stated amounts of those coverages where the policy was issued on two automobiles.

The Plaintiffs, Carmen T. Dufour and Paul E. Dufour, individually and on behalf of their minor child, Lisa A. Dufour, age 9 at time of injury, appeal from a judgment for them in the amount of $55,000 entered in Superior Court (York County) on May 18, 1981.

We affirm the judgment.

On April 14, 1978, Lisa A. Dufour was struck and injured by an uninsured motor vehicle while she was walking across Newton Road in Biddeford. It was found that the collision was proximately caused by the negligence of an uninsured motorist, and that the child was not at fault. Under an automobile liability insurance policy in effect at that time and issued by the Defendant, Metropolitan Property and Liability Insurance Company, to Paul E. Dufour and Carmen T. Dufour, uninsured motorist and medical expense coverage was provided for their minor child, Lisa A. Dufour. The Declarations list two vehicles, a 1966 Jeep and a 1974 Buick as covered under the policy. The Declarations also state the coverage and limit of liability under the uninsured motorist coverage is $50,000 per person or $100,000 per accident and the medical expense coverage is $5,000 per accident. For the combined coverages of automobile liability, medical expense, and uninsured motorist, quarterly premiums were $27 for the Jeep and $33 for the Buick. The premiums charged were not further divided among the different types of coverage. The parties stipulated that Lisa A. Dufour's damages amounted to $110,000.

This appeal presents two questions: can an insured under this automobile liability insurance policy "stack" either (1) the uninsured motorist coverage or (2) the medical expense coverage in order to recover damages caused by an uninsured motorist?

We conclude that this automobile liability insurance policy precludes the "stacking" of either coverage.

### Uninsured Motorist Coverage

Uninsured motorist coverage is governed by 24–A M.R.S.A. § 2902 (1980), which pro-

vides that any automobile liability insurance policy delivered in Maine and covering an automobile registered or principally garaged in Maine must include uninsured motorist coverage in the amount of at least $20,000 per person or $40,000 per accident. *See also* 29 M.R.S.A. § 787(1) (1978). Any automobile liability insurance policy provision that conflicts with that statute is void and unenforceable. *See Concord General Mutual Insurance Company v. McLain*, Me., 270 A.2d 362 (1970).

Part Three of the insurance policy is entitled "Protection Against Uninsured Motorists Coverage." It provides in pertinent part:

> METROPOLITAN will pay all sums which the *insured* . . . shall be legally entitled to recover as *damages* because of *bodily injury* sustained by the *insured*, caused by accident and arising out of the ownership, maintenance or use of an *uninsured highway vehicle* : and, where the limits of liability for Protection Against Uninsured Motorist Coverage stated in the Declarations exceeds the limits of liability required under [24–A M.R.S.A. § 2902 (1980)] provided, for the purposes of this coverage, determination as to whether the *insured* . . . is legally entitled to recover such *damages*, and if so, the amount thereof, shall be made by agreement between the *insured* . . . and METROPOLITAN or, if they fail to agree, by arbitration (emphasis in original).

■ The stated policy limits in this insurance policy comply with 24–A M.R.S.A. § 2902; the uninsured motorist coverage afforded is at least $20,000 per person or $40,000 per accident. 24–A M.R.S.A. § 2902 does not mandate "stacking" of the stated policy limits of uninsured motorist coverage as described in a single multi-vehicle liability insurance policy. The purpose of 24–A M.R.S.A. § 2902 is to afford to each owner of an automobile liability insurance policy a minimum standard of protection against the uninsured motorist. Buy-

ers and sellers of uninsured motorist insurance may contract for higher amounts of coverage. The terms of the contract define coverage in excess of $20,000 per person or $40,000 per accident.

■ The terms of this insurance policy do not mandate "stacking" of the stated uninsured motorist coverage. We find the maximum policy limit to be the $50,000 per person amount that is specified in the Declarations. This provision is clear, unambiguous, and not contradicted by the balance of the policy.

Our decision in *Wescott v. Allstate Insurance Company*, Me., 397 A.2d 156 (1979), is not to the contrary. There the passenger in a vehicle operated and insured by another could collect up to the extent of her damages under the uninsured motorist coverages of both the operator's and her own automobile liability insurance policy. Language in her automobile liability insurance policy which precluded her from collecting under both her own and the operator's insurance policy was contrary to the purpose of 24–A M.R.S.A. § 2902 and was, therefore, void.

■ Under the heading, "Limits of Liability", the insurance policy issued by the Defendant company provides in pertinent part:

> Regardless of the number of . . . automobiles or trailers to which this policy applies, METROPOLITAN's liability is limited as follows:

> *Protection Against Uninsured Motorists Coverage*

> The limit for Protection Against Uninsured Motorists Coverage stated in the Declarations as applicable to 'each *person*' is the limit of METROPOLITAN's liability for all *damages*, arising out of *bodily injury* sustained by one *person* in any one accident . . . (emphasis in original).

This clause reinforces the statement in the Declarations that the maximum policy limit for uninsured motorists coverage is $50,000 per person.[1] Although separate premiums

---

1. *See, e.g., Miller v. Hartford Accident and Indemnity Company*, 506 F.2d 11 (7th Cir. 1974);

are charged for each vehicle this by itself does not justify double recovery of uninsured motorist coverage. Where an insurance contract clearly and unambiguously restricts coverage, separate premiums do not require "stacking" of coverages. *Cheseroni v. Nationwide Mutual Insurance Company*, 402 A.2d 1215, 1217 (Del.Super.1979), aff'd, 410 A.2d 1015 (Del.1980); *Menke v. Country Mutual Insurance Company*, 78 Ill.2d 420, 425–26, 401 N.E.2d 539, 542 (1980). The premium paid on the second vehicle affords protection to non-relatives while occupying the second vehicle. *Grimes v. Concord General Mutual Insurance Company*, 120 N.H. 718, 720–22, 422 A.2d 1312, 1314–15 (1980); *Hampton v. Allstate Insurance Company*, 126 Ariz. 403, 616 P.2d 78 (1980); *Liddy v. Companion Insurance Company*, 390 N.E.2d 1022, 1032 (Ind.App. 1979).

### Medical Expense Coverage

■ Unlike uninsured motorist coverage, no statute mandates that automobile liability insurance policies include medical expense coverage. The medical expense coverage, therefore, is governed by the terms of each insurance policy in which such coverage is provided.

Part 2 of the insurance policy issued by the Defendant Company is entitled "Automobile Medical Expense Coverage." It provides:

METROPOLITAN will pay promptly when due, to or for the benefit of each *eligible injured person*, reasonable *medical expenses* incurred for services furnished within one year from the date of accident for *bodily injury* caused by accident arising out of the ownership, maintenance or use, including loading and unloading, of an *automobile* (emphasis in original).

In the Declarations under the general heading "Coverages Applicable and Limits of Liability," automobile medical expense is

listed as $5,000 per accident. The Declarations alone clearly and unambiguously define the maximum policy limit for medical expense coverage.

Under the heading, "Limits of Liability," the insurance policy provides in pertinent part:

Regardless of the number of . . . automobiles or trailers to which this policy applies, METROPOLITAN's liability is limited as follows:

*Automobile Medical Expense Coverage*

The limit for Automobile Medical Expense Coverage stated in the Declarations as applicable to "each person" is the limit of METROPOLITAN's liability for all *medical expense* incurred by or on behalf of each *person* who sustains *bodily injury* as the result of any one accident; . . . (emphasis in original).

This clause buttresses the statement in the Declarations that the maximum policy limit for medical expense coverage is $5,000 per accident. *See Grimes v. Concord General Mutual Insurance Company, supra; Phillips v. Inter-Insurance Exchange of the Chicago Motor Club*, 91 Ill.App.3d 198, 46 Ill.Dec. 504, 414 N.E.2d 226 (1980); *Lane v. Fireman's Insurance Company*, 344 So.2d 702 (La.App.1977). Payment of an additional premium for medical expense coverage on the second vehicle by itself does not justify "stacking" of the medical expense coverage. In consideration for the second premium charged, medical expense coverage is provided to non-relatives of the insured while they (1) are guests or passengers in the second vehicle; (2) are using the second vehicle with the insured's permission; or (3) are struck by the second vehicle. *See Lane v. Fireman's Fund Insurance Company, supra* at 704.

Although we note that the insurance policy issued by the Defendant company contains additional language which limits or excludes uninsured motorist and medical

Ariz. 403, 616 P.2d 78 (1980); *Indiana Insurance Company v. Ivers*, 395 N.E.2d 820 (Ind. App.1979); *Goodville Mutual Casualty Company v. Borror*, 221 Va. 967, 275 S.E.2d 625

(1981); *Barnes v. Government Employees Insurance Company*, 142 Ga.App. 377, 236 S.E.2d 9 (1977).

expense coverage, we do not evaluate this language because it is unnecessary to our decision in this case. Under the insurance policy at issue here, the limits are clearly stated in the Declarations. The limiting or exclusionary language does not increase the maximum policy limit, and the Defendant company does not contend that such language decreases its liability below $55,000.

The entry, therefore, will be:

Appeal denied.

Judgment affirmed.

All concurring.