Stephen R. BRACKETT

v.

MIDDLESEX INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1984.

Decided Jan. 25, 1985.

Daughan, Kimmel & Lenkowski, Paul L. Beach (orally), Joseph V. Lenkowski, Sanford, for plaintiff.

Hewes, Culley & Beals, Martica Sawin Douglas (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

GLASSMAN, Justice.

The plaintiff, Stephen Brackett, appeals from an order of the Superior Court, York County, granting summary judgment to the defendant and declaring that Middlesex Insurance Company (Middlesex) bore no obligation to provide the plaintiff with uninsured motorist benefits. We affirm the judgment.

### I.

Stephen Brackett was injured in Saco on April 27, 1980, when an uninsured automobile struck the uninsured motorcycle he was operating. In a separate action, Brackett obtained a money judgment against the other driver. Brackett then sought to recover this amount under the uninsured motorist provisions of the Middlesex liability policy insuring an automobile he owned. Middlesex denied the plaintiff's claim on the basis of a policy clause that excludes coverage for injuries sustained in a car owned by the insured but not insured under the policy.

The Middlesex policy provides, in pertinent part:

### Uninsured Motorist Insurance

#### Our Promise To You

We promise to pay the *damages you're* legally entitled to receive from the owner or operator of an uninsured *motor vehicle* because of bodily injury. We'll pay these damages for bodily injury *you* suffer in a *car accident* while *occupying* a *car* or, as a pedestrian, as a result of having been struck by an uninsured *motor vehicle.*

#### Those Not Protected

Anyone *occupying* a *car* owned by or furnished for *your* regular use and not insured under this insurance isn't protected by this insurance. (Emphasis in original).

Brackett brought an action for declaratory judgment in the Superior Court to determine Middlesex's obligation to compensate him for his injuries. Brackett averred that insofar as the policy terms were construed to deny him coverage, they violated 24–A M.R.S.A. § 2902 (Supp.1984), which mandates the provision of uninsured motorist insurance with all automobile liability policies issued in Maine. Both parties moved for summary judgment. The Superior Court granted judgment to Middlesex, ruling that the exclusionary clause of the policy relieved Middlesex of any obligation to compensate Brackett and upholding the exclusion as valid under 24–A M.R.S.A. § 2902. Brackett contests the judgment on appeal.

### II.

The fundamental question presented by this appeal is purely one of law, that is, whether Brackett's claim for injuries suffered on his motorcycle comes within the terms of the Middlesex policy insuring his automobile. *See Allstate Insurance Co. v. Government Employees Insurance Co.,* 263 A.2d 78, 80 (Me.1970). In arriving at the same conclusion we now reach, the Superior Court considered only the exclusionary provision quoted above.

The language of a contract of insurance is ambiguous if it is reasonably susceptible of different interpretations. *See Lidstone v. Green,* 469 A.2d 843, 846

(Me.1983). The court must interpret unambiguous language in a contract according to its plain and commonly accepted meaning. *Id.* The exclusionary provision on which Middlesex relies refers to "anyone occupying a car." The definitions section of the policy states:

A **car** is a 4 wheel *motor vehicle* licensed for use on public roads. It includes any motor home that isn't used for business purposes and any *utility trailer.*

■ We find the policy's language to be reasonably susceptible of only one meaning. The term "car" clearly does not apply to a motorcycle. Interpreted according to its plain and generally accepted meaning, the exclusion from uninsured motorist coverage cannot operate to deny Brackett compensation for injuries sustained while riding a motorcycle owned by him and not insured by the Middlesex liability policy. We hold the Superior Court's decision that Brackett was excluded from coverage under this provision incorrect as a matter of law.

■ Although we find the exclusionary provision does not deny Brackett the policy's benefits, it is clear to us that neither does the policy include him as a beneficiary in these circumstances. "Our Promise To You" states that Middlesex will compensate the insured for injuries suffered "in a car accident while occupying a car, or as a pedestrian." The language of this paragraph is also reasonably susceptible of only one meaning, within the scope of the policy's protection that meaning does not include injuries sustained while operating a motorcycle.

### III.

Having determined the uninsured motorist provision of the Middlesex policy by its terms does not cover Brackett in the circumstances, we must consider whether the policy thereby violates the purpose and spirit of 24-A M.R.S.A. § 2902(1). The statute provides:

No policy insuring against liability arising out of the ownership, mainte-nance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle.

24-A M.R.S.A. § 2902 (Supp.1984).

Brackett contends the policy provisions contravene the statute, which requires coverage "for the protection of persons insured thereunder." It is Brackett's thesis that once an insured has paid a premium for uninsured motorist coverage, he is entitled to protection no matter where he is when injured by an uninsured motorist. Middlesex counters that to construe section 2902 as protecting persons rather than persons in certain insured vehicles would provide free uninsured motorist protection to those who choose not to insure second vehicles.

■ We note there is a split of authority among the courts that have considered this issue. *Compare Barnett v. Crosby,* 5 Kan.App.2d 98, 99, 612 P.2d 1250, 1252 (1980) *and Federated American Insurance Co. v. Raynes,* 88 Wash.2d 439, 444, 563 P.2d 815, 818 (1977) (supporting Brackett's view) *with Rodriquez v. Maryland Indemnity Insurance Co.,* 24 Ariz.App. 392, 394, 539 P.2d 196, 198 (1975) *and Employers' Fire Insurance Co. v. Baker,* 119 R.I. 734, 383 A.2d 1005, 1008–09 (1978) (supporting Middlesex). *See generally* 8C J. Appleman, *Insurance Law and Practice* § 5078.15 at 179 (1981). We recognize that the purpose of the uninsured motorist provision is to provide recovery for injuries that might not otherwise be compensable because of financially irresponsible drivers.

*See Wescott v. Allstate Insurance*, 397 A.2d 156, 166 (Me.1979).

█ Because Brackett was injured while riding an uninsured motorcycle owned by him, section 2902 does not compel Middlesex to extend coverage for his injuries. In *Hare v. Lumbermens Mutual Casualty Company*, we recently stated that "uninsured motorist coverage on one of a number of vehicles owned by an insured does not extend the benefits of such coverage, for no premium, to all other vehicles owned by that insured." 471 A.2d 1041, 1043 (Me.1984). Although we reject the process of reasoning by which the Superior Court reached its determination, we sustain the court's correct ultimate conclusion of law. *See Baybutt Construction Corp. v. Commercial Union Insurance Co.*, 455 A.2d 914, 917 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.