## Glenn J. DAIGLE

v.

## HARTFORD CASUALTY INSURANCE CO.

Supreme Judicial Court of Maine.

Submitted on Briefs April 25, 1990.
Decided May 3, 1990.

Rudolph Pelletier, Madawaska, for plaintiff.

Richard Engels, Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY, and COLLINS, JJ.

McKUSICK, Chief Justice.

In 1983 Glenn J. Daigle was injured when the motorcycle he owned and operated collided with a car operated by an uninsured driver. At the time of the accident Daigle was living with his father, who had an automobile insurance policy issued by Hartford Casualty Insurance Company. Under the terms of the Hartford policy, Daigle was a "covered person" although his motorcycle was not insured for coverage under the policy. Several years later, Daigle sued Hartford to recover payments under the uninsured motorist clause of the Hartford policy. The Superior Court (Aroostook County, *Pierson, J.*) dismissed Daigle's complaint, and we affirm.

The uninsured motorist clause of the Hartford policy contains the following exclusion:

A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by any person:

1. While occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy. ...

Daigle's sole contention on appeal is that his motorcycle is not a "motor vehicle" as that term is used in the policy, and that therefore he does not come within the exclusion from uninsured motorist coverage. We have previously held this exclusion to be applicable in a case factually on all fours with the case at bar. *Gross v. Green Mountain Ins. Co.*, 506 A.2d 1139, 1141 (Me.1986). We there held by necessary implication that a motorcycle is indeed a motor vehicle. And so it is by the plain, commonly accepted meaning of the term "motor vehicle." *See Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1190 (Me.1985).

At the time of the accident Daigle was occupying a motor vehicle that he owned and that was not insured for any type of coverage under his father's policy with Hartford. Uninsured motorist coverage for his injuries is specifically, unambiguously excluded by the terms of the policy.

The entry is: Judgment affirmed.

All concurring.