STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 JUN -3 P 2: 57

DONALD L. GARBRECHT
LAW LIBRARY

JUL 15 2005

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-655

REC-CUM ✓ 6/3/05

STEPHEN HERRICK,

      Plaintiff

and

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

      Interested Party

      v.

UNIVERSAL UNDERWRITERS

      Defendant

ORDER ON PARTIES'
MOTIONS FOR JUDGMENT AS A
MATTER OF LAW

This matter is before the court on the parties' motions for judgment as a matter of law on the stipulated record.

## FACTUAL BACKGROUND

This case arises out of an automobile accident that occurred while the plaintiff, Stephen Herrick, was test-driving a vehicle owned by Bill Dodge Buick Pontiac GMC Cadillac, Inc. ("Bill Dodge").

According to the stipulated facts, on August 27, 2003 the plaintiff and his wife went to Bill Dodge and asked to test-drive a 2003 Kia Spectra ("the vehicle") owned by Bill Dodge. A Bill Dodge employee granted the plaintiff permission to test-drive the vehicle and the plaintiff, accompanied by his wife and the Bill Dodge employee, drove the vehicle. During this test-drive, the plaintiff struck another vehicle. As a result of the accident, the vehicle sustained physical damage in the amount of $13,793.

At the time of the accident, Bill Dodge had a policy of insurance issued by the defendant, Universal Underwriters ("Universal"), providing insurance coverage for all of its vehicles, including the vehicle that the plaintiff was test-driving. Universal reimbursed Bill Dodge for the physical damage to the vehicle. Universal then instituted a subrogation action against the plaintiff in the name of Bill Dodge to recover the $13,793.

At the time of the accident, the plaintiff had in place a personal automobile liability policy issued by State Farm. State Farm has undertaken the plaintiff's defense in the subrogation action. The plaintiff has filed the instant declaratory judgment action seeking a declaration that Universal must provide coverage for Bill Dodge's claim, that Universal's coverage is primary, that the purported exclusions to the contrary in the Universal Policy are either void or inapplicable, and that State Farm's coverage is excess. The subrogation action has been stayed pending the outcome of this case.

## DISCUSSION

29-A M.R.S.A. § 1612: Maine's Financial Responsibility Law

29-A M.R.S.A. § 1612 (Supp. 2004) is the statute at the heart of this dispute and upon which a determination as to whether Universal or State Farm is the primary insurer rests. Under section 1612, car dealerships are required to procure liability insurance coverage for both owners and operators of dealer-owned vehicles. That section reads in relevant part:

> The Secretary of State may not issue a dealer . . . license or registration plates . . . until the applicant has procured and filed with the Secretary of State a certificate showing that the applicant is covered by an automobile bodily injury and property damage liability insurance policy providing coverage as set forth in this Title with respect to the plates issued, approved by the Superintendent of Insurance, insuring against any legal liability in accordance with the terms of that policy for personal injury or death of any one person in the sum of $ 100,000 and for any number of persons in the sum of $ 300,000 and against property damage in the sum of $ 100,000 when injury, death or damage may result from or have been caused by the operation of any vehicle bearing such

registration plates. In lieu of that insurance, the applicant may file with the Secretary of State a bond or bonds issued by a surety company authorized to do business in the State in the amount of at least $ 100,000 on account of injury to or death of any one person and subject to such limits as respects injury to or death of one person; of at least $ 300,000 on account of any one accident resulting in injury to or death of more than one person; and of at least $ 100,000 for damage to property of others.

29-A M.R.S.A. § 1612.

In addition, pursuant to 24 M.R.S.A. § 2909 (2000), the coverage required by section 1612 must be provided "for both the owner and operator of the motor vehicle." 24 M.R.S.A. § 2909(2). Section 2909(3) further provides that "[t]he owner's policy must provide primary coverage up to the limits specified in Title 29-A, section 1612. Any other valid and collectible insurance policy available to an operator who is not the owner must provide excess coverage." 24 M.R.S.A. § 2909(3). "[O]wner" as used in section 2909, "means the owner of a motor vehicle, the owner's agent, employee or independent contractor." 24 M.R.S.A. 2909(1).

In the instant case, plaintiff contends that, under section 1612, Bill Dodge was required to procure insurance coverage for "any legal liability" resulting from or caused by Herrick's operation of the vehicle during his test drive. According to plaintiff, that statutorily mandated insurance coverage necessarily includes coverage not only for personal injury or property damage caused to others but also for damage to the owner's (in this case, Bill Dodge) own property. Plaintiff argues that the insurance policy issued by Universal covers damage to Bill Dodge's vehicle caused while plaintiff was operating it during his test drive. Therefore, plaintiff argues, Universal cannot seek payment for that damage from plaintiff or from State Farm, the insurance company that issued plaintiff's personal automobile insurance. Plaintiff further argues that, to the extent that the Universal policy contains exclusionary clauses purporting to exclude from coverage any damage to property, including automobiles, owned by Bill

Dodge, those exclusions violate section 1612, are counter to the Legislature's intent and to the public policy behind the statute, and are therefore void.

Universal, on the other hand, argues that under the clear language of the insurance policy, Universal expressly excluded from coverage any injury to "personal property, including autos, owned by, rented or leased to, used by, in the care, custody or control of, or being transported by the insured." Def's Motion at 3. With respect to property damage, Universal further argues that the insurance coverage required by section 1612 only provides primary coverage for damage caused to the property of others. According to Universal, the statutorily mandated coverage for "any legal liability" does not include damage to the covered vehicle itself. Rather, "to the extent that any such damage is covered at all, coverage is provided to the dealership alone under [another Universal] policy of automobile property damage coverage, otherwise known as 'collision insurance.'" Def's Motion at 6.

The Universal Policy

The coverage that is primarily at issue here is the "Garage Unicover Coverage Part," (Garage Policy). See Pl's Motion at 3-4; Def's Motion at 3. Under the Garage Policy, Universal "will pay all sums the insured legally must pay as damages (including punitive damages where insurable by law) because of injury to which this insurance applies caused by an occurrence arising out of garage operations or auto hazard." Complaint at Exh. 1, p. 39. "Auto hazard," as defined in the Garage Policy "means the ownership, maintenance, or use of any auto you [Bill Dodge] own or which is in your care, custody and control and (1) used for the purpose of garage operations." The parties agree that the vehicle test-driven by the plaintiff in this case was owned by Bill Dodge and, at the time of the accident, was being used for the purpose of garage operations. See Def's Motion at 4. An "insured," with respect to auto hazard includes not only the owner of Bill Dodge and his employees, but also "[a]ny other person or

organization required by law to be an insured while using an auto covered by this coverage part within the scope of your permission." Complaint at Exh. 1, p. 42. The parties do not dispute that the plaintiff was an insured under the Garage Policy. *See* Def's Motion at 4. They do dispute, however, whether the exclusions contained in the policy, are valid in the face of section 1612.

Under the "Exclusions" section of the Garage Policy, the insurance coverage provided by Universal "does not apply to . . . injury . . . to: personal property, including autos, owned by, rented or leased to, used by, in the care, custody or control of, or being transported by the insured. . . ." Complaint at Exh. 1, p. 45. Arguing that section 1612 requires coverage for "any liability," not just liability for personal injury or damage to the property of others, plaintiff maintains that this exclusion from coverage of damage to Bill Dodge's vehicle is violative of section 1612 and therefore void. The court disagrees.

The court has been unable to find, and the parties have not provided, any binding case law in Maine that is directly on point. Instead, it appears that the only case in which a court has addressed the question of whether section 1612 mandates coverage for damage to an owner's property arose in the Maine District Court. In *Carrolls's Auto Sales v. Brown-Michaud*, No. 93-CV-172 (Me. Dist. Ct. 2, Presque Isle, Nov. 1, 1995), in which Universal was a third-party defendant, the district court held that where an insurance policy excludes damage to the owner's vehicle, that exclusion is not violative of section 1612 and, so long as it is clear and unambiguous, is enforceable. *Id*. In that case defendant Michaud was operating a vehicle owned by Carroll's Auto sales when the vehicle was involved in an accident. Michaud was insured under a policy procured by Carroll's Auto and issued by Universal very similar to the policy at issue in this case. *Id*. Michaud also was insured under a personal auto policy. *Id*. In granting Carroll's Auto and Universal summary judgment, the court explained that "[w]hile [Michaud

5

was] insured under the liability coverage portion of the [Universal] policy, damage to the vehicle was excluded." *Id.* According to the court, "24-A M.R.S.A. § 2909 and 29 M.R.S.A. § 832 mandate liability insurance coverage for negligent operation of dealer-owned vehicles but do not mandate property damage or collision insurance."[1] *Id.*

Although the court recognizes that the *Carroll's Auto* decision is not binding on this court, it finds the analysis persuasive for two reasons. First, the interpretation of the statute upon which the *Carroll's Auto* decision rests is consistent with well-established principles of insurance law and does not run counter to public policy in Maine.

Contrary to the plaintiff's assertions, there is no indication in either the statute or applicable case law that the liability coverage mandated by section 1612 must insure permissive users of dealer-owned vehicles for damage caused to the covered vehicle. *See* 29-A M.R.S.A. § 1612 . Although the plaintiff is correct that the Law Court has announced, in the context of a similar statute relating to rental car companies, that Maine's Financial Responsibility Law is intended "to protect both the public and the operators" of "loaner" vehicles, the court does not agree that the Universal policy at issue in this case runs counter to that objective. *See State Farm Mut. Auto. Ins. Co., v. Universal Underwriters Ins. Co.,* 513 A.2d 283, 285 (Me. 1986) (discussing 29 M.R.S.A. § 831, *repealed and replaced by* P.L. 1991 ch. 793 § 13 (codified at 29-A M.R.S.A. § 1611)).

Under the clear language of section 1612, car dealerships must insure operators for *liability* that "may result from or have been caused by the operation of" a dealer-owned vehicle. 29-A M.R.S.A § 1612. The Universal policy, by insuring the plaintiff for personal injury and damage caused to the property of others accomplishes the objectives of the statute and protects the plaintiff against liability. The court concludes,

---

[1] 29 M.R.S.A.§ 832 was repealed in 1993 and replaced by 29-A M.R.S.A. § 1612, the statute at issue in this case. *See* P.L. 1993, ch. 683, § A-1.

however, that because property damage caused to the covered vehicle itself does not fall within the widely accepted definition of "liability," section 1612 does not mandate that the plaintiff be effectively held harmless for the damage caused to the Bill Dodge vehicle. See *Universal Underwriters Group v. Pierson*, 787 N.E.2d 296, 298 (outlining the "widespread consensus on the meaning of the term 'liability' insurance: 'Since the liability policy is, by definition, one of liability to others, and not for personal or property damages sustained by the named insured, there can be no coverage of loss sustained by him or her to his or her person or his or her property when he or she is operating the insured vehicle.'. . . Liability insurance is designed to protect an insured from claims for damages owed to a third person, and not from losses that the insured suffers directly."). *Id.* (quoting 7 L. Russ & T. Segalla, *Couch on Insurance*, § 110:11, at 110-19 through 110-20 (3d ed. 1997)).

Second, the plaintiff's suggested construction of section 1612 would require this court to read and interpret the statute in a piecemeal fashion and render its two separate provisions inconsistent with one another. Pursuant to section 1612, the Legislature has mandated that car dealers procure liability insurance on their vehicles. *See* 29-A M.R.S.A. § 1612. The necessary coverage for personal injury and property damage is specified and car dealerships are given two alternative means of fulfilling the requirement: with either a liability insurance policy or an insurance bond. Although the plaintiff is correct that the section discussing insurance policies requires coverage for "any liability," the section discussing insurance bonds clarifies that, with respect to property damage, the statute requires coverage for damage to the property of others and not for damage to the covered vehicle. As the district court noted in *Carroll's Auto*, the statute does not mandate collision insurance. *See Carroll's Auto*, No. 93-CV-172 (Me. Dist. Ct. 2, Presque Isle, Nov. 1, 1995). For this court to conclude that the nature and scope of the coverage required under section 1612 differs depending on whether a

dealership opts to procure an insurance policy or an insurance bond would be illogical and contrary to the clear legislative intent behind the statute. For this reason, the court concludes that the exclusions contained in the Garage Policy are not violative of section 1612. Further, because the court concludes that the exclusions are clear and unambiguous and not counter to public policy, they are enforceable. *See Gross v. Green Mountain Ins. Co.*, 506 A.2d 1139 (Me. 1986) and *Allstate Ins. Co. v. Elwell*, 513 A.2d 269 (Me. 1986). Pursuant to the exclusions, damage to the vehicle is not covered by the Garage Policy. *See* Complaint at Exh. 1, p. 45. Accordingly, Defendant's Motion for Judgment as a Matter of Law is GRANTED.

The entry is

Defendant's Motion for Judgment as a Mater of Law is GRANTED.

Plaintiff's Motion for Judgment as a Matter of Law is DENIED.

Dated at Portland, Maine this _3rd_ day of June, 2005.

Robert E. Crowley
Justice, Superior Court

F COURTS
nd County
ox 287
ie 04112-0287

GAVIN MCCARTHY ESQ
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101

COURTS
id County
x 287
э 04112-0287

MARSHALL TINKLE ESQ
TOMPKINS CLOUGH HIRSHON & LANGER
PO BOX 15060
PORTLAND ME 04112-5060