Clyde B. CHESERONI, Executrix of the Estate of Richard M. Cheseroni, and Michelle L. Cheseroni, by her next friend, Clyde B. Cheseroni, Plaintiffs Below, Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted Dec. 11, 1979.

Decided Jan. 16, 1980.

Robert K. Pearce, of Trzuskowski, Kipp, Agostini & Kelleher, P. A., Wilmington, for defendant below, appellee.

Wayne N. Elliott, of Prickett, Sanders, Jones, Elliott & Kristol, Wilmington, for plaintiffs below, appellants.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Richard Cheseroni was killed and his minor daughter was injured when the motorcycle on which they were riding was struck by an uninsured vehicle. The motorcycle was insured under a policy containing uninsured motorist coverage. Cheseroni also had two automobiles insured under a separate policy with the same company which also contained uninsured motorist coverage.

The appellant, Clyde Cheseroni, brought this action, as executrix of her husband's estate and next fried of her daughter, seeking to "stack" the coverages from two policies. The result would be an increase of the exposure of the insurance company from the policy limit of either policy to the sum of the limits of both policies. The Court below awarded summary judgment for the defendant. *Cheseroni v. Nationwide*, Del. Super., 402 A.2d 1215 (1979). We affirm.

Appellant's position on appeal is that the definition of "named insured" in the policies provided Uninsured Motorist protection to her husband and daughter irrespective of whether they were injured while riding in one of the vehicles named in the policy. Consequently, she asserts that, having paid the premium under both policies, the coverages of each are sequentially applicable and recovery is proper to the full extent of each limit. The appellee asserts that, while the coverages overlap, they are applicable concurrently and that the language of the policies limits recovery up to the policy limit of either, not both.

The relevant language from the policies is as follows:

"The affording of insurance to more than one person or to more than one highway vehicle shall not operate to increase the limit of the Company's liability. When two or more highway vehicles are insured hereunder, the limits of liability shall ap-ply separately to each highway vehicle as stated in the declarations but shall not exceed the highest limit of liability applicable to any one highway vehicle."

As applied to these facts, the clear meaning of the first sentence is that having overlapping coverages resulting from insurance on more than one vehicle does not increase the policy limit to more than it would be if insurance on only one vehicle was involved. Appellant asserts that the second sentence is inapplicable to the present facts and thus operates to make the first sentence inapplicable. We disagree.

In addition, the first sentence is not made ambiguous by the second. The second sentence merely describes how the first sentence is intended to operate in the most common situation. It does not indicate in any manner that it is intended as a limitation of the circumstances under which the first sentence will apply.

This being a situation where the company afforded insurance on more than one vehicle, that act does not increase the liability of the company above the policy limit. Stated another way, the fact that coverage is available by two alternative policies' clauses does not increase the exposure of the company above the stated limit for any single occurrence. There having been only one occurrence, the policy limit for the single occurrence states the extent of the company's liability.

\*　　\*　　\*　　\*　　\*　　\*

AFFIRMED.