**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

DEANNA GILBERT, )
)
Plaintiff, )
)
v. ) C.A. No. CPU4-16-000265
)
NATIONWIDE MUTUAL )
INSURANCE COMPANY )
)
Defendant. )
)

Submitted: April 22, 2016
Decided: June 21, 2016

Tiffany Adams Anders, Esquire
Potter, Carmine & Associates
840 N. Union Street
Wilmington, DE 19805
*Attorney for Plaintiff*

Donald M. Ransom, Esquire
Casarino, Christman, Shalk, Ransom & Doss, P.A.
1007 N. Orange Street, Suite 1100
P.O. Box 1276
Wilmington, DE 19801
*Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANT'S MOTION TO DISMISS**

The instant matter is a breach of contract action for failure to pay personal injury protection ("PIP") benefits. Nationwide Mutual Insurance Company ("Nationwide") moved to dismiss the Complaint filed by Deanna Gilbert ("Plaintiff"), its insured, pursuant to *Court of Common Pleas Civil Rule* 12(b). Defendant argues that Plaintiff is not entitled to PIP benefits in this particular instance because of certain limitations in her insurance policy pertaining to No-Fault coverage. Plaintiff avers that the No-Fault coverage provision is ambiguous, and therefore all reasonable inferences as to its meaning should be construed in her favor. On April 22, 2016, the Court held a hearing on Nationwide's Motion to Dismiss (the "Motion"), and reserved its decision. This is the Court's decision on the Motion.

## FACTUAL ALLEGATIONS

The following is a summary of the allegations Plaintiff sets forth in her Complaint:[1] This case arises from a motor vehicle accident that occurred on July 5, 2015. Plaintiff and seven other passengers were involved in an automobile accident while they were riding in a vehicle owned and operated by Robert Stabley ("Stabley").[2] As a result of the accident, the passengers, including Plaintiff, suffered personal injuries. Due to these injuries, Plaintiff incurred medical expenses and lost wages exceeding $40,000.00.

Stabley's vehicle was registered in Delaware and insured by State Farm Insurance Company ("State Farm"). The State Farm policy provided for no-fault PIP benefits in the amount of $15,000.00 per person, and $30,000.00 per accident. Due to the multiple injured passengers in Stabley's vehicle, the policy exhausted after $4,171.64 in PIP benefits were paid on Plaintiff's behalf.

At all times relevant to this matter, Plaintiff had an automobile insurance policy with Nationwide (the "Policy").[3] After exhausting the benefits under Stabley's State Farm policy, Plaintiff sought $10,828.36 of PIP benefits under her Policy with Nationwide, representing the difference in PIP benefits available to her under the State Farm policy ($4,171.64) and the amount of PIP benefits provided under her Policy ($15,000.00). Plaintiff maintains that she reasonably expected Nationwide to provide her with PIP benefits because her Policy contained a provision requiring Nationwide to pay its proportional share of benefits whenever other available insurance failed to provide her with the total coverage she was entitled to under the Delaware

---

[1] Plaintiff filed her Complaint on January 20, 2016.
[2] The accident occurred when Stabley properly drove through an intersection with the right of way as another vehicle failed to yield, and caused the accident.
[3] *See* Compl. ¶ 3, Ex. A.

Motorist Protection Act (the "Act"). Nationwide, however, denied Plaintiff's claim for PIP benefits, and subsequently, Plaintiff filed this action for breach of contract.

## PARTIES' CONTENTIONS

In its Motion, Nationwide argues that it is not liable for breach of contract pursuant to the No-Fault provision within its Policy with Plaintiff, which unambiguously provides: ". . . if injured while occupying or by involvement with any motor vehicle other than your auto, this coverage will apply only if the other motor vehicle is not Insured under the Delaware Motorist Protection Act."[4] Based on this provision, Nationwide avers that Plaintiff is not entitled to PIP benefits because she was injured in Stabley's vehicle, which was registered in Delaware and carried the minimum insurance requirements under the Delaware Motorist Protection Act. Therefore, Nationwide argues that Plaintiff has failed to state a claim upon which relief can be granted.

On the other hand, Plaintiff argues that the provision cited by Nationwide is ambiguous when read in conjunction with another provision under the Policy, which she averred in her Complaint. Plaintiff maintains that the policy provision excluding PIP benefits when an insured is "injured while occupying or by involvement with any motor vehicle other than [her] auto" is in conflict with another provision that states, "[i]f other insurance available under the Delaware Motorist Protection Act applies to a loss, [Nationwide] will be liable for [its] proportional share of the loss. That share will be determined by [its] proportion of the total coverage provided under this and the other available coverage."[5] Plaintiff argues that, in considering this ambiguity, under a reasonable interpretation of the Policy, Nationwide is required to pay its proportional share of $15,000.00 when another Delaware insurance policy failed to provide the

---

[4] Compl. Ex. A., Nationwide Policy at p. N2.
[5] See Id. at N2, N3–N4.

3

minimum benefits to Plaintiff, as required under the Delaware Motorist Protection Act. Plaintiff maintains that she met her burden under Delaware's notice pleading standard because her Complaint detailed this ambiguity, and claims that Nationwide's Motion should be denied since the Policy is susceptible to more than one reasonable interpretation.

## STANDARD OF REVIEW

On a motion to dismiss filed pursuant to *Court of Common Pleas Civil Rule* 12(b)(6), the Court considers whether the plaintiff may recover under "any reasonably conceivable set of circumstances susceptible to proof under the complaint."[6] In reviewing a motion to dismiss, "the Court accepts all well-pleaded allegations are as true and draws all reasonable inferences in the light most favorable to the non-moving party."[7] Dismissal is appropriate "only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[8]

## DISCUSSION

The limited issue before the Court involves the interpretation of two separate provisions of an insurance policy. "Under Delaware law, the interpretation of contractual language, including that of insurance policies, is a question of law."[9] When interpreting an insurance contract, "[t]he first issue to be resolved . . . is whether the policy language is ambiguous."[10] The language in an insurance policy will be deemed ambiguous when it is "'fairly susceptible of

---

[6] *Peterson v. 21st Century Centennial Ins. Co.*, 2015 WL 4154070, at *2 (Del. Super. July 9, 2015) (citing *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[7] *Broadway v. Allstate Prop. & Cas. Ins. Co.*, 2015 WL 4749176, at *2 (Del. Super. Aug. 11, 2015) (citing *Doe 30's Mother v. Bradley*, 558 A.3d 429, 443 (Del. Super. 2012)).

[8] *Dippold Marble & Granite, Inc. v. Harleysville Mut. Ins. Co.*, 2014 WL 3587261, at *1 (Del. Super. July 21, 2014) (quoting *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995) (citing *Hedenberg v. Raber*, 2014 WL 2191164, at *1 (Del. Super. 2014)).

[9] *O'Brien v. Progressive Northern Ins. Co.*, 785 A.2d 281, 286 (Del. 2001).

[10] *Ruggiero v. Montgomery Mut. Ins. Co.*, 2004 WL 1543234, at *2 (Del. Super. Jun. 28, 2004).

4

different interpretations or may have two or more different meanings.'"[11] However, "[c]lear and unambiguous language in insurance contracts will be given its plain and ordinary meaning."[12] In interpreting two provisions of the same insurance policy, "the controlling rule of [contract] construction is that '[a] single clause or paragraph of a contract cannot be read in isolation, but must be read in context.'"[13] The Court "will not read a contract to render a provision or term 'meaningless or illusory.'"[14]

The applicable provisions of the parties' insurance agreement are as follows:

> YOU AND A HOUSEHOLD MEMBER
> You and household members are covered for bodily injury:
>
> > 1. while occupying a motor vehicle; or
> > 2. as a pedestrian if injury involves a motor vehicle.
>
> However, if injured while occupying or by involvement with any motor vehicle other than your auto, this coverage will apply only if the other motor vehicle is not Insured under the Delaware Motorists Protection Act.[15]
>
> OTHER INSURANCE – PERSONAL INJURY PROTECTION
> The following provisions apply to circumstances in which Personal Injury Protection benefits are available from more than one policy or company:
>
> > 1. If other Insurance available under the Delaware Motorists Protection Act applies to a loss, we will be liable for only our proportional share of the loss. That share will be determined by our proportion of the total coverage limits provided under this and the other available coverage.[16]

---

[11] *Nicholas v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 83 A.3d 731, 735 (Del. 2013) (quoting *Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997)).

[12] *Ruggiero*, 2004 WL 1543234, at *2 (citing *Rhone-Poulen Basic Chems. Co. v. American Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992)).

[13] *Stonewall Ins. Co. v. E.I. du Pont de Nemours & Co.*, 996 A.2d 1254, 1260 (Del. 2010) (quoting *Cheseroni v. Nationwide Mut. Ins. Co.*, 402 A.2d 1215, 1217 (Del.Super.1979), *aff'd*, 410 A.2d 1015 (Del.1980); *Hudson v. D & V. Mason Contractors, Inc.*, 252 A.2d 166 (Del.Super.1969).

[14] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010) (quoting *Sonitrol Holding Co. v. Marceau Investissements*, 607 A.2d 1177, 1183 (Del. 1992).

[15] Compl. Ex. A., Nationwide Policy at p. N2.

[16] Compl. Ex. A., Nationwide Policy at p. N3–N4.

After carefully reviewing the parties' submissions to the Court, as well as applicable law, it appears that the issue presently before the Court is analogous to the issue in *Gordon v. Nationwide Mut. Ins. Co.*, 2010 WL 546454 (Del. Com. Pl. Feb. 2, 2010). In *Gordon*, the plaintiff sought to recover PIP benefits under her automobile insurance policy with Nationwide after she was injured as a passenger in a third-party's vehicle.[17] The third-party's vehicle was insured under the Delaware Motorists Protection Act, however, the plaintiff exhausted the PIP benefits available to her under that insurance policy's $15,000.00 limit.[18] Then plaintiff filed a claim with Nationwide, requesting that her additional medical expenses be paid out of the $15,000.00 PIP coverage included in her policy.[19] Nationwide denied her claim, and the plaintiff filed suit.[20]

The *Gordon* Court was called upon to interpret two provisions of a Nationwide policy that are identical to the two provisions at issue in this matter. First, the *Gordon* Court found that the language in the first disputed provision clearly and unambiguously provided that "if the insured is injured while occupying any vehicle other than the insured's vehicle, PIP coverage will be paid only if the other vehicle is not insured under the Delaware Motorists Protection Act."[21] With respect to this first provision, the Court found that "a reasonable person would assume that PIP benefits are not available to Plaintiff under the Nationwide policy."[22] Next, *Gordon* Court then analyzed the second disputed provision and found that "[t]he introduction sentence of [the second] provision, when read after the [first] provision, makes it clear that [the] second provision does not apply to Plaintiff." The Court reasoned, "[t]he earlier provision

---

[17] *Gordon v. Nationwide Mut. Ins. Co.*, 2010 WL 546454, at *1, *3 (Feb. 2. 2010). Specifically, Plaintiff was insured under her husband's automobile insurance policy with Nationwide. *Id.* at *1.
[18] *Id.* at *1, *3.
[19] *Id.* at *1.
[20] *Id.*
[21] *Id.* at *3.
[22] *Id.* at *3.

precludes Plaintiff from receiving PIP benefits from Nationwide, making this circumstance one in which PIP benefits were only available from one policy: [the third-party's] policy. As a result, the remainder of the second provision must be disregarded."[23] Ultimately, the Court found that the insurance policy provisions were unambiguous, and dismissed the action with prejudice.[24]

Accordingly, this Court will follow the reasoning and adopt the holding of the *Gordon* Court as it applies to this matter. The first provision at issue excludes Plaintiff from receiving PIP benefits under her Policy because she was injured as a passenger in a third-party's vehicle that was insured under the Delaware Motorists Protection Act. Therefore, the only insurance policy that is available to Plaintiff is the third-party's policy, and thus, according to the second provision, Plaintiff is precluded from recovering under her Policy with Nationwide.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED** this ___ day of June, 2016.

Robert H. Surles,
Judge

---

[23] *Id.*
[24] *Id.*

7