**Susan MOODY, et al.**

v.

**HORACE MANN INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1993.
Decided Dec. 20, 1993.

---

Louise K. Thomas (orally), Catherine R. Connors, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Gregory W. Powell (orally), Jennifer S. Begel, Friedman & Babcock, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Plaintiffs, Peter D. Moody, Sr. and Susan J. Moody, individually and as parents, guardian and next friend to Peter D. Moody, Jr., brought suit in the United States District Court for the District of Maine to recover underinsured motorist benefits from the defendant, Horace Mann Insurance Company (Horace Mann). The United States District Court for the District of Maine, pursuant to 4 M.R.S.A. § 57 (1989) and M.R.Civ.P. 76B, has certified the following question to us for our instruction concerning a matter of state law:

> Do Horace Mann's underinsured policy provisions limiting recovery to the liability limits of the policy with the highest limit where a pedestrian is injured in an accident with an underinsured motorist violate 24–A M.R.S.A. § 2902 where the insured has separate policies for each of two or more vehicles she owns?

For the reasons hereinafter set forth, we answer the certified question in the negative.

The factual background and procedural history, as certified to this court, may be summarized as follows: The Moodys insured two automobiles by purchasing two separate but identical Horace Mann insurance policies. It was the strict policy of Horace Mann to issue separate insurance contracts for each vehicle insured by a family rather than issuing one policy for all vehicles insured. A portion of the premiums paid by the Moodys was allocated to the underinsured motorist coverage in the amount of $300,000 provided by each policy. Each policy contains the following provision: "If two or more policies issued by *us* to *you* apply to the same accident, the total limit of liability under all such policies shall not exceed that of the policy with the highest limit of liability." (emphasis in original). The Moodys also purchased a motorcycle insurance policy from Dairyland Insurance Company that provided underinsured motorist coverage in the amount of $20,000.

The Moody's nine-year-old son Peter suffered severe and permanent injuries when he was struck by a third party's car while riding his bicycle. The third party carried liability insurance issued by Liberty Mutual Insurance Company in the amount of $300,000. Liberty Mutual paid this amount to the Moodys.

The Moodys brought this action on behalf of their son against Horace Mann claiming that the third party's vehicle was underinsured[1] in the amount of $320,000. This allegation is based on a comparison of the tortfeasor's policy limit of $300,000 to the underinsured motorist coverage provided in each of the two Horace Mann policies for a total of $600,000 and the $20,000 underinsured motorist coverage provided by the Dairyland policy. Horace Mann contended that pursuant to the provisions contained in its policies, the underinsured motorist coverage provided to the Moodys by Horace Mann is limited to $300,000. The Moodys responded that this anti-stacking provision is void as violative of 24–A M.R.S.A. § 2902 (1990).

The United States District Court concluded that Horace Mann's policies clearly and unambiguously prohibit stacking the proceeds of the two policies when benefits

---

1. A vehicle is underinsured if coverage is provided for that vehicle but in amounts less than the minimum limits under Maine's financial responsibility laws *or* in amounts less than the limits of the injured party's uninsured vehicle coverage. 24–A M.R.S.A. § 2902(1) (1990).

are payable to a pedestrian. It stated that if the anti-stacking provision is valid, Horace Mann is correct that the Moodys would be underinsured only in the amount of $20,000.[2] The court certified the question of the validity of the anti-stacking provision to us because the issue is determinative of this case and because there are no clear controlling precedents in the decisions of our court.

Section 2902 provides, in pertinent part:

No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of ... underinsured ... motor vehicles....

24–A M.R.S.A. § 2902(1) (1990). We have stated that the purpose of section 2902 is "to afford to each owner of an automobile liability insurance policy a minimum standard of protection against the uninsured motorist. Buyers and sellers of uninsured motorist insurance may contract for higher amounts of coverage." *Dufour v. Metropolitan Property & Liability Ins. Co.*, 438 A.2d 1290, 1292 (Me.1982). The minimum amount of coverage required by statute is $20,000 per person or $40,000 per accident. 24–A M.R.S.A. § 2902 (1990); 29 M.R.S.A. § 787(1) (1978). The question before us requires that we determine the relationship between the language of the underinsured motorist statute and Horace Mann's insurance policy provisions. If the terms of an insurance policy conflict with mandatory statutory provisions, the statutory provisions prevail. *Tibbetts v. Maine Bonding & Cas. Co.*, 618 A.2d 731, 732 (Me.1992). "[T]he extent of an automobile liability insurer's coverage depends in the first instance on such mandatory statutory provisions as are incorporated into the insurance policy by operation of law and, in the second instance, on the terms of the policy itself." *Id.* (citation omitted).

The Moodys point to *Wescott v. Allstate Ins.*, 397 A.2d 156 (Me.1979), as support for their contention that the provisions in the Horace Mann policies violate section 2902. In *Wescott*, the plaintiff was injured while a passenger in a car that collided with an uninsured automobile. After recovering from the insurance company covering the host vehicle, the plaintiff sought additional compensation from her insurance carrier, invoking the uninsured motorist coverage provided by her policy. The policy contained an excess-escape clause that precluded her from collecting under both her own and the operator's insurance policy. We held that the clause was void and unenforceable reasoning that section 2902 "explicitly states without any equivocation whatever that each liability policy must supply the minimum degree of protection of persons insured thereunder...." *Id.* at 170.

Relying on this language, the Moodys contend that the provisions in Horace Mann's policies render one policy void of coverage, thus violating our directive that "each" policy contain coverage. This argument presupposes that the effect of the anti-stacking provision is to leave one of the Horace Mann policies devoid of underinsured motorist coverage. Contrary to the Moodys' assertion, the language of the anti-stacking provisions does not void the underinsured motorist coverage of any one policy. The parties contracted by clear and unambiguous language in each of the policies that recovery would be limited to $300,000 in the event that both policies applied to the same accident. The language of Horace Mann's policies merely defines the monetary limit of liability as being $300,000 without purporting to dictate that any recovery in that amount is confined to one of the policies. We hold that the provisions in Horace Mann's policies do not cause one policy to be void of the underinsured motorist coverage that it is required to provide and therefore do not violate section 2902.

---

**2.** This figure is obtained by subtracting the tortfeasor's policy limit in the amount of $300,000 from the total of Horace Mann's liability, as limited by the provisions in its policies, in the amount of $300,000 and the Dairyland policy in the amount of $20,000.

The Clerk will transmit this instruction to the United States District Court for the District of Maine.

So ordered.

All concurring.