

STATE OF MAINE                                  SUPERIOR COURT
SAGADAHOC, ss.                                  CIVIL ACTION
                                                DOCKET NO. CV-20-12

TYLER MILLS,                        )
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    )    **DECISION AND ORDER**
                                    )
STATE FARM MUTUAL                   )
AUTOMOBILE INSURANCE                )
COMPANY,                            )
                                    )
            Defendant               )
                                    )

## INTRODUCTION

The matter before the court is Defendant State Farm Mutual Insurance Company's ("State Farm") Motion for Summary Judgment and Plaintiff Tyler Mills' cross-motion for summary judgment.

## BACKGROUND

The material facts are not in dispute. On January 3, 2016, Plaintiff Tyler Mills was injured in a motor vehicle accident when the driver of a vehicle he was a passenger in drove off the road. (Supp.'g S.M.F. ¶ 1.) The vehicle involved in the accident was owned and operated by Tyler Parent. *Id.* ¶ 2. Mills suffered severe damages as a result of the accident, in an amount exceeding the insurance coverage available to Parent. *Id.* ¶¶ 3-4. Parent was therefore an underinsured motorist.

At the time of the accident, Mills lived sometimes with his grandmother, Rosemary Verrill, and others with his grandfather, Leslie Verrill, who did not cohabitate. *Id.* ¶¶ 13-15, 18. Mills resided with his grandmother roughly five days per week, returning there after work each day of the work week. *Id.* ¶¶ 16-17. He had a bedroom in both houses, but kept most of his personal effects and his pet cat at his grandmother's house. *Id.* ¶¶ 20-21.

1

Mills was the named insured, along with Leslie Verrill, on a State Farm automobile insurance policy which included underinsured motorist coverage with policy limits of $100,000 per person and $300,000 per accident. *Id.* ¶ 9. State Farm also issued two separate policies to Leslie Verrill and one to Rosemary Verrill with identical policy limits that covers resident relatives. *Id.* ¶¶ 25-27, 29. Mills was also the named insured under a Hanover policy which included underinsured motorist coverage with policy limits of $100,000 per person and $300,00 per accident. *Id.* ¶ 8. The State Farm policies all contained an anti-stacking provision, which stated:

> 1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by the State Farm Companies apply to the same bodily injury, then:
>
> a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
>
> b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any of the policies. We may choose one or more policies from which to make payment.

*Id.* ¶ 31. State Farm conducted a pre-suit coverage analysis to determine the total underinsured motorist coverage. *Id.* ¶ 33. State Farm determined that Mills was insured under the Hanover policy and the policy with State Farm that named him and Leslie Verrill as insureds. *Id.* ¶¶ 34-35. However, because of the anti-stacking provision, State Farm concluded that Mills could not assert additional coverage under the other three policies issued to Leslie and Rosemary Verrill. *Id.* ¶ 36. State Farm therefore calculated the aggregate underinsured motorist coverage between the Hanover policy and its own to be $200,000. *Id.* ¶ 39.

Parent's liability insurer paid out its policy limit of $50,000. *Id.* ¶ 6. Thus, the coverage gap by State Farm's calculations was $150,000. *Id.* ¶ 40. State Farm paid $75,000

2

from the policy on which Mills was a named insured and Hanover also paid $75,000. *Id.* ¶ 42.

Plaintiff then filed this suit against State Farm, alleging that the anti-stacking provisions in the four State Farm insurance policies are void as against public policy.

## STANDARD OF REVIEW

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

## DISCUSSION

There are two issues on these cross-motions for summary judgment: whether the anti-stacking provisions are void as against public policy and whether Mills is a resident relative of Leslie Verrill within the meaning of the policy.

I.      **Anti-Stacking Provisions**

The central issue on these dueling summary judgment motions is whether an anti-stacking provision of the type in State Farm's policies is enforceable under Maine law.

3

The parties agree that the anti-stacking provision would apply to Mills' claim if it is enforceable.

The enforceability of the anti-stacking provisions turns on whether they conflict with the language of 24-A M.R.S. § 2902. § 2902 provides, in the relevant part:

> No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of . . . underinsured . . . motor vehicles . . . .

The Law Court has stated that the purpose of this provision is "to afford to each owner of an automobile liability insurance policy a minimum standard of protection against the uninsured motorist." *Dufour v. Metropolitan Property & Liability Ins. Co.*, 438 A.2d 1290, 1292 (Me. 1982). If a provision of an insurance policy would eliminate this protection, it is void and unenforceable. *Wescott v. Allstate Ins.*, 397 A.2d 156, 170 (Me. 1979).

Anti-stacking provisions do not necessarily conflict with § 2902. In *Moody v. Horace Mann Ins. Co.*, 634 A.2d 1309 (Me. 1993), the Law Court reasoned that an anti-stacking provision did not conflict with § 2902 because it did "not void the underinsured motorist coverage of any one policy." *Id.* at 1311. Instead, the Court said it "merely defines the monetary limit of liability . . . without purporting to dictate that any recovery in that amount is confined to one of the policies." *Id.* The Law Court read the anti-stacking provisions as setting the limit of underinsured motorist coverage in the event that multiple policies covered the same accident, not eliminating the coverage. *Id.*

Mills argues that *Moody* does not apply to his case, because the policies at issue in *Moody* were both issued to the same person. He reads the Law Court precedent on this issue to mean that § 2902 requires that mandatory minimum coverage be available under each policy issued to a different named insured. In other words, he argues that the Law

4

Court mandates that stacking be allowed, so long as the policies were issued to different named insureds.

First of all, it is not clear what case law Mills is relying on to support this argument. He suggests that the court should look to a 2004 Superior Court decision by Justice Gorman for guidance. That case, *Webster v. Hanover Ins. Co.*, No. CV-02-161, 2004 Me. Super. LEXIS 128 (Apr. 22, 2004), concerned an excess escape clause, not an anti-stacking provision of the sort at issue here. Mills makes some suggestion that Justice Gorman emphasized the importance of insurer issuing policies to a single person in her discussion of *Moody* and *Dufour*, but this emphasis is entirely added by his motion and is not present in the original opinion. Reading the opinion itself, it is clear that Justice Gorman was articulating the various factual scenarios in which the Law Court had upheld or rejected attempts by insurers to limit their liability for underinsured motorist coverage. In no way does she suggest that when an insurer issues policies to different named insureds, the insurer is not allowed to limit its liability through an anti-stacking provision in the event that both policies apply to the same accident.

Having determined that *Webster* provides no guidance for this case beyond a helpful discussion of precedent, the question of *Moody*'s applicability to these facts must still be answered. Mills argues that *Moody* is distinguishable, pointing to the language of *Dufour* where the Law Court stated that the purpose of § 2902 was to provide each "owner" of a policy with a minimum standard of coverage against underinsured motorists. *Dufour*, 438 A.2d at 1292. Mills states that it is undisputed that Rosemary Verrill and Leslie Verrill were "separate owners of entirely separate insurance policies issued entirely separately to each of them." (Cross Mot. Summ. J. at 7.) (emphasis removed). Therefore, he argues, he must be allowed to stack his coverage under Rosemary Verrill's policy, and the coverage he asserts under one of Leslie Verrill's

policies, with his coverage under the policy on which is he a named insured to afford each "owner" the minimum coverage required by Maine Law.

Once again, it is not clear what Mills is basing his definition of "owner" on. Regardless, while his argument is creative, it is based on a misreading of case law. To quote *Moody*:

> Contrary to the Moodys' assertion, the language of the anti-stacking provisions does not void the underinsured motorist coverage of any one policy. The parties contracted by clear and unambiguous language in each of the policies that recovery would be limited to $ 300,000 in the event that both policies applied to the same accident. The language of Horace Mann's policies merely defines the monetary limit of liability as being $ 300,000 without purporting to dictate that any recovery in that amount is confined to one of the policies.

*Moody*, 634 A.2d at 1311. This is exactly the scenario before the court today. The policies expressly provide that, in the event that multiple State Farm vehicle policies apply to the same injury, the total amount recoverable would be the highest limit under any of those policies. (Supp.'g S.M.F. ¶ 31.) They do not eliminate coverage under any one of the policies. Thus, even if the policies at issue do have separate "owners," these owners are not deprived of underinsured motorist coverage.

The anti-stacking provisions are enforceable. Therefore, the remaining issue of Tyler Mills' status as a resident relative with his grandfather is moot, as the anti-stacking provision would apply to those policies as well.

## CONCLUSION

The anti-stacking provisions are enforceable. As such, Plaintiff Tyler Mills is precluded from further recovery and Defendant State Farm's Motion for Summary Judgment is GRANTED. Accordingly, Mills' Cross-Motion for Summary Judgment is DENIED.

6

Judgment is entered for Defendant State Farm, plus costs.

DATED: May 12, 2021

Daniel I. Billings, Justice
Maine Superior Court

```
TYLER MILLS  - PLAINTIFF                          SUPERIOR COURT
34 PLEASANT STREET                                SAGADAHOC, ss.
TOPSHAM ME 04086                                  Docket No   BATSC-CV-2020-00012
Attorney for: TYLER MILLS
SHELDON J TEPLER  - RETAINED
HARDY WOLF & DOWNING                              DOCKET RECORD
PO BOX 3065
186 LISBON STREET
LEWISTON ME 04243-3065


vs
STATE FARM MUTUAL INSURANCE COMPANY - DEFENDANT
C/O CT CORPORATION SERVICE CO, 45 MEMORIAL CIRCLE
AUGUSTA ME 04330
Attorney for: STATE FARM MUTUAL INSURANCE COMPANY
LAURA A MAHER  - RETAINED
MONAGHAN LEAHY LLP
PO BOX 7046
95 EXCHANGE STREET
PORTLAND ME 04112-7046
```

Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 04/28/2020

## Docket Events:
05/01/2020 FILING DOCUMENT - COMPLAINT FILED ON 04/28/2020